# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

TRACY DAVIS,

Plaintiff,

v.

ROCKLOANS MARKETPLACE, LLC
d/b/a ROCKET LOANS,

Defendant.

Case No.: 23cv0134 DMS (BLM)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

This case comes before the Court on Defendant's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the motion is granted in part and denied in part.

## I.

## BACKGROUND

In September 2019, Plaintiff Tracy Davis obtained a loan from Defendant. (Compl. ¶ 25.) Plaintiff made regular payments on her loan until September 2022. (*Id.* ¶ 26.) At that time she fell into financial hardship and was unable to make her regular payments. (*Id.*) After going into default, Defendant's agents called Plaintiff's cellular telephone multiple times a day requesting payment. (*Id.* ¶ 27.) Plaintiff alleges these calls were placed with an automatic telephone dialing system ("ATDS") and/or a recorded voice. (*Id.*)

Plaintiff alleges she retained her present counsel BLC Law Center, APC for help with her loan.  (*Id.* ¶ 29.)  On October 26, 2022, an associate at BLC submitted a cease-and-desist letter to Defendant through Docsmit.  (*Id.* ¶¶ 30-32.)  In that letter, the associate stated Plaintiff was revoking her consent to receive phone calls from Defendant through the use of an ATDS and/or prerecorded voice, that Plaintiff had retained counsel, and that Defendant needed to stop calling Plaintiff pursuant to California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA").  (*Id.* ¶ 30.)  The letter referenced the last four digits of Plaintiff's social security number next to her name, and directed Defendant to send any further communications about Plaintiff's loan to BLC.  (*Id.* at ¶ 31.)

Despite the letter, Defendant continued to call Plaintiff about her loan.  (*Id.* ¶ 38.) Plaintiff alleges she has received more than 150 calls from Defendant on her cellular telephone since October 26, 2022, and that all of those calls were placed with an ATDS and/or prerecorded voice messages.  (*Id.*)  Defendant has also sent emails to Plaintiff in attempts to collect on the loan.  (*Id.* ¶ 40.)

As a result of the foregoing, Plaintiff filed the present case alleging a claim under the RFDCPA, and two claims under the Telephone Consumer Protection Act ("TCPA"), one for negligent violations and the other for knowing and/or willful violations.  In response to the Complaint, Defendant filed the present motion.

## II.

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint for failure to satisfy Federal Rule of Civil Procedure 8, and for failure to set forth sufficient facts to support the claims.

### A.    Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and that each allegation in a pleading "be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Here, Defendant argues Plaintiff has failed to satisfy Rule 8 because she (1) did not attach the cease-and-desist letter to her Complaint, (2) failed to plead whether

Defendant actually received the letter, (3) failed to identify the account at issue, (4) failed to identify the number Defendant called, *etc.*  (Mot. at 4.)  Aside from the fact that Plaintiff did plead certain of these alleged facts, (*see, e.g.*, Compl. ¶ 37), Rule 8 does not require a plaintiff "to plead his claim with particularity."  *Kramer v. Autobytel, Inc.*, 759 F.Supp.2d 1165, 1172 (N.D. Cal. 2010).  Based on the Court's review of the Complaint, Plaintiff has satisfied Rule 8.  Accordingly, Defendant's motion to dismiss the Complaint on that basis is denied.

**B.    Federal Rule of Civil Procedure 12(b)(6)**

Turning to Rule 12(b)(6), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), establish a more stringent standard of review.  To survive a motion to dismiss under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).  In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth."  *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.

Starting with Plaintiff's claims under the TCPA.  "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent."  *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C.

§ 227(b)(1)).   Here, Defendant argues Plaintiff has failed to allege sufficient facts to support the latter two elements.

On the ATDS element, "much litigation … surrounds the issue of what equipment qualifies as an 'automatic telephone dialing system.'"  *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1232 (9th Cir. 2022).  In *Borden*, the court held, based on the plain text of the TCPA and the Supreme Court's recent decision in *Facebook, Inc. v. Duguid*, 592 U.S. ___, 141 S.Ct. 1163 (2021), "that an 'automatic telephone dialing system' must generate and dial random or sequential *telephone* numbers under the TCPA's plain text."  *Id.* at 1231.  If a defendant calls numbers previously provided by its consumers, even if those numbers are selected through the use of a random or sequential process or system, the defendant has not used an autodialer, and thus the calls do not implicate the TCPA.  *Id.* at 1231-32.  The Ninth Circuit affirmed this decision in *Brickman v. United States*, 56 F.4th 688 (9th Cir. 2022), pet. for cert. filed No. 23-6 (June 29, 2023), clarifying that an ATDS under the TCPA must "randomly or sequentially *generate*[ ] the telephone numbers in question."  *Id.* at 690 (emphasis added).  *See also Trim v. Reward Zone USA LLC*, No. 22055517, 2023 WL 5043724 (9th Cir. Aug. 8, 2023) (same).

Neither side cited any of these cases in their briefing on the present motion, but they are dispositive of Plaintiff's TCPA claims.  Specifically, Plaintiff does not deny that she gave Defendant her cellular telephone number when she applied for and received her loan from Defendant.  Indeed, there would have been no reason for Plaintiff to revoke her consent to receive calls from Defendant had she not previously provided her number to Defendant.  On these facts, Defendant has not used an autodialer within the meaning of the TCPA, and thus Plaintiff's claims under that statute must be dismissed.[1]

---

[1] Plaintiff's TCPA claims were the basis for subject matter jurisdiction in this Court.  (*See* Compl. ¶ 8.)  Because those claims are being dismissed, the Court also dismisses Plaintiff's RFDCPA claim.  *See Danner v. Himmelfarb*, 858 F.2d 515, 523 (9th Cir. 1988) (stating it is the Ninth Circuit's practice to dismiss state law claims once the federal claims have been resolved.)

## III.

## CONCLUSION AND ORDER

For the reasons set out above, the Court grants in part and denies in part Defendant's motion to dismiss. Specifically, the Court denies Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Procedure 8, but grants the motion pursuant to Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: September 28, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court

5