UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY DAVIS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ROCKLOANS MARKETPLACE, LLC d/b/a ROCKET LOANS,<br><br>　　　　　　　　　　　Defendant. | Case No.:  23cv0134 DMS (BLM)<br><br>**ORDER (1) FOLLOWING REMAND AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

On September 28, 2023, this Court issued an order granting in part and denying in part Defendant's motion to dismiss Plaintiff's Complaint.  In that Order, the Court found Plaintiff's Complaint satisfied the requirements of Federal Rule of Civil Procedure 8, but Plaintiff failed to set forth sufficient facts to support the use of an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act ("TCPA").  In light of the finding on the ATDS element, the Court granted Defendant's motion to dismiss and dismissed the Complaint.

Defendant appealed that decision, and the Ninth Circuit affirmed this Court's rulings on the Rule 8 requirements and the ATDS element, but noted the Court failed to address Plaintiff's alternative allegation that Defendant violated the TCPA by calling Plaintiff's cellular telephone using an "artificial or prerecorded voice."  In light of that

///

oversight, the Ninth Circuit reversed this Court's decision and remanded the case for further proceedings.

Pursuant to the Ninth Circuit's order, a mandate hearing was held on October 18, 2024. The Court now proceeds to address whether Plaintiff has alleged sufficient facts to support the "artificial or prerecorded voice" element of her TCPA claim and whether Plaintiff has sufficiently alleged a claim under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA").

In *Vaccaro v. CVS Pharmacy, Inc.*, No. 13-CV-174-IEG(RBB), 2013 WL 3776927, at *2 (S.D. Cal. July 16, 2013), the district court held an allegation that a defendant called a plaintiff's telephone number using an artificial or prerecorded voice was sufficient to state a claim under the TCPA. The Court reasoned that "[f]actual allegations do not cease to be factual even if they quote a statute's language." *Id.*

Since that time, however, the majority of district courts in the Ninth Circuit have held that additional factual allegations are required to satisfy the artificial or prerecorded voice element. *See Andersen v. Nexa Mortgage, LLC*, No. 8:24-CV-00619-DOC-ADSx, 2024 WL 3762098, at *4 (C.D. Cal. Aug. 12, 2024) (stating "plaintiff must include factual allegations indicating that a prerecorded voice, as opposed to that of a real, live person, was used."); *Whittaker v. Freeway Ins. Services Am., LLC*, No. CV-22-8042-PCT-DGC, 2023 WL 167040, at *3 (D. Ariz. Jan. 12, 2023) (quoting *Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012)) (stating when fact is element of claim, "'it is not sufficient to recite that fact verbatim without other supporting details.'"); *Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415 (W.D. Wash. Oct. 11, 2023) (citing *Rogers v. Assurance IQ LLC*, No. 2:21-CV-00823-TL, 2023 WL 2646468, at *3 (W.D. Wash. Mar. 27, 2023)) (stating district courts in Ninth Circuit "generally require plaintiffs to plead circumstances sufficient to support an inference that the calls were placed with an artificial or prerecorded voice."); *Allison v. Wells Fargo Bank, N.A.*, No. 22-cv-0510-BAS-AHG, 2022 WL 10756885, at *3 (S.D. Cal. Oct. 18, 2022) (stating conclusory allegations concerning prerecorded or artificial voice do not set

forth plausible claim); *Rahimian v. Adriano*, No. 2:20-cv-02189-GMN-VCF, 2022 WL 798371, at *2-3 (D. Nev. Mar. 16, 2022) (same). "For example, a plaintiff should be able to allege facts about the 'tenor, nature, or circumstances of the alleged calls' or 'otherwise demonstrate that a live human was not speaking during the calls.'" *Blair*, 2023 WL 6622415, at *3.

Here, Plaintiff fails to allege any facts supporting her allegation that Defendant called her using an artificial or prerecorded voice. Although she repeatedly offers that conclusory allegation, (*see* Compl. ¶¶ 27, 38, 42-43), there are no facts about the "'tenor, nature, or circumstances of the alleged calls[.]'" *Rogers*, 2023 WL 2646468, at *4 (quoting *Manopla v. Sansone Jr.'s 66 Automall*, No. 17-16522 (FLW) (LHG), 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020)). Nor are there any allegations to "demonstrate that a live human was not speaking during the calls." *Id.* As stated in *Rogers*, this kind of information should be available to plaintiffs bringing TCPA claims. *Id.* "For example, '[a] TCPA plaintiff could describe the robotic sound of the voice on the other line, the lack of human response when he attempted to have a conversation with the person calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was pre-recorded.'" *Id.* (quoting *Johansen*, 2012 WL 6590551, at *3) (internal quotation marks omitted). Plaintiff fails to include any of these facts in her Complaint, and without them, she has failed to allege a plausible claim that Defendant called her using an artificial or prerecorded voice. Accordingly, her TCPA claim must be dismissed.[1]

Turning to Plaintiff's RFDCPA claim, that claim is based on California Civil Code section 1788.14(c) and 15 U.S.C. § 1692d(5), the latter of which is incorporated into the RFDCPA through California Civil Code section 1788.17. Section 1788.14(c) provides:

///

---

[1] Because the Court will grant Plaintiff leave to amend this claim, the Court proceeds to address Plaintiff's state law claim below.

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: … (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by the attorney with respect to the consumer debt and the notice includes the attorney's name and address and a request by the attorney that all communications regarding the consumer debt be addressed to the attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.

Cal. Civ. Code § 1788.14(c). Defendant argues Plaintiff's claim under this section should be dismissed because Plaintiff failed to plead that the calls and email at issue constitute debt collection and because Plaintiff failed to allege Defendant actually received counsel's letter and that the letter gave notice of counsel's legal representation.

Defendant's first argument is directed primarily at emails Defendant allegedly sent to Plaintiff after October 26, 2022, which is when her attorney prepared a letter to Defendant consistent with the requirements of section 1788.14(c). (*See* Mot. at 8.) According to Plaintiff, that "collection email" stated, in part: "Hi Tracy, Your loan payment is 95 days overdue, and your account is severely delinquent. We understand that these are challenging times, but we may have options available to you …." (Compl. ¶ 40.) Defendant argues this letter is "nothing more than an update on the account status[]," (Mot. at 8), but the Court disagrees. Contrary to Defendant's assertion, Plaintiff describes the message as a "collection email," and it does more than simply provide Plaintiff with the status of her account. It also suggests Defendant "may have options available" to Plaintiff, options that presumably would assist Plaintiff in paying back her loan.[2] Taking

---

[2] Defendant also briefly mentions the phone calls it allegedly placed to Plaintiff's cellular phone after October 26, 2022, and argues Plaintiff failed to allege those calls were anything "more than just an update on the status of the loan[.]" (*Id.*) Defendant fails to mention, however, that Plaintiff alleges Defendant called her over 150 times, "more than 2 times in a single day, and often more than seven (7) times per week[.]" (Compl. ¶ 41.) Assuming

Plaintiff's factual allegations as true and construing those allegations in the light most favorable to Plaintiff, the Court declines to dismiss Plaintiff's RFDCPA claim based on Defendant's first argument.

Defendant's second argument is similarly unavailing. First, Defendant argues Plaintiff failed to allege facts to show that Defendant actually received counsel's letter. (Mot. at 8.) Defendant argues Plaintiff could have met this requirement by including "the mail tracking information or any subsequent acknowledgement of the representation." (*Id.* at 9.) However, Plaintiff did plead the manner of delivery of the letter, namely that on October 26, 2022, her counsel provided the letter to Docsmit, (Compl. ¶ 34), whose "sole business is the sending of mail on behalf of customers, (*id.* ¶ 32), and that Docsmit sent the letter to Defendant on October 27, 2022, as indicated on its certificate of mailing. (*Id.* ¶ 35.) On the present motion, the Court must take these factual allegations as true, and as so construed, they are sufficient to overcome Defendant's argument.

Next, Defendant asserts Plaintiff failed to allege facts to show that counsel's letter gave actual notice of its legal representation of Plaintiff. (Mot. at 8.) But as with the argument discussed above, Plaintiff did so allege. (*See* Compl. ¶ 30 (alleging the cease-and-desist letter gave notice "that Plaintiff had retained counsel[.]"); ¶ 31 (stating letter informed Defendant "that Plaintiff was represented by an attorney with respect to any and all debts allegedly owed to or serviced by Defendant[.]") Accordingly, this argument also does not warrant dismissal.[3]

///

---

these allegations are true, which the Court must do on the present motion, it is unclear why Defendant would be making that many phone calls simply to provide Plaintiff with the status of her account.

[3] In a related argument, Defendant suggests Plaintiff failed to allege Defendant had actual knowledge of counsel's legal representation of Plaintiff. (Mot. at 9.) In light of the allegations concerning the mailing of the letter to Defendant and the letter's contents, the Court rejects this argument.

Defendant's final argument is the Complaint fails to allege the letter contained certain necessary details such as Plaintiff's account number, address, etc. (*Id.*) In support of this argument, Defendant relies on *Jackson v. First National Bank of Omaha*, No. CV 20-1295 DSF (JCx), 2022 WL 423440, at *3 (C.D. Cal. Jan. 18, 2022), and *Wright v. USAA Savings Bank*, No. 2:19-cv-00591 WBS CKD, 2020 WL 2615441, at *6 (E.D. Cal. May 22, 2020). However, neither of these cases states that a letter of representation must include this information. The *Jackson* court was citing the defendant's argument that this information was required, and the case the defendant relied on for that argument, *Wright*, says nothing of these details.[4] Defendant's motion to dismiss Plaintiff's RFDCPA claim is therefore denied.

In light of the discussion above, the Court grants Defendant's motion to dismiss Plaintiff's TCPA claim on the ground Plaintiff failed to allege specific facts to support the element of an "artificial or prerecorded voice." Defendant's motion to dismiss Plaintiff's RFDCPA claim is denied. Plaintiff is granted leave to amend her TCPA claim to cure the deficiencies set out above. Plaintiff is cautioned that if her First Amended Complaint does not cure these deficiencies, her TCPA claim will be dismissed with prejudice and without leave to amend, and lacking a federal claim, Plaintiff's Complaint will be dismissed for lack of subject matter jurisdiction. The First Amended Complaint shall be filed on or before **December 6, 2024**.

**IT IS SO ORDERED**.

Dated: November 26, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[4] The Court also notes that both *Jackson* and *Wright* were orders on summary judgment motions, not motions to dismiss.